IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY RAY HALL, ID # 344528,  ) | |
|       Petitioner,  ) | |
| vs.  ) | No. 3:05-CV-0040-G (BH) |
|  ) | ECF |
| NATHANIEL QUARTERMAN, Director,  ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal  ) | |
| Justice, Correctional Institutions Division,  ) | |
|       Respondent.  ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the loss of "street time" and previously earned good-time credits subsequent to the revocation of parole. Respondent is Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On October 13, 1982, a jury convicted petitioner of aggravated robbery in Cause No. W82-85757-J(C), and petitioner was sentenced to thirty years imprisonment. On July 10, 1992, petitioner was released on parole. On December 23, 2003, petitioner's parole was revoked. Upon his re-incarceration, petitioner discovered that his sentence has not been credited for the eleven years and three months that he spent on parole and that, except for a "one time good-time bonus of 1 month and 29 days", his sentence has not been credited for good conduct credits earned prior to his release on

parole, Petitioner has unsuccessfully pursued his time credit claims through the state habeas process.

On December 30, 2004, petitioner filed the instant federal habeas action pursuant to 28 U.S.C. § 2254. In two grounds for relief, he claims that he has been deprived of credit to his sentence for (1) the "street time" he spent on parole and (2) for good-time credits earned prior to his release on parole. In his supporting memorandum, petitioner argues that the deprivation of credits violates due process because he has a liberty interest in his previously earned good time credits and the time he spent on parole. With respect to his first claim, he also argues that the deprivation of street-time credits violates the ex post facto clauses of the Constitution, constitutes double jeopardy and a breach of contractual obligation, and forces him to serve his sentence in installments. His latter arguments focus on the alleged unconstitutionality of Tex. Gov. Code § 508.283, which does not allow credit against his sentence for time spent on parole. In a supplemental memorandum in support, he characterizes his street time as flat time, reiterates some of his prior arguments, and additionally argues that he was denied representation when he signed his parole certificate.

On February 13, 2007, respondent filed an answer to the petition. He concedes that petitioner has sufficiently exhausted his state remedies with respect to the claims raised in the instant action. He argues that the claims are without merit and that the breach-of-contract argument presents no basis for federal habeas review. In March 2007, petitioner filed a reply brief to rebut that answer.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

The denial of petitioner's state writ constitutes an adjudication on the merits of the claims raised therein. *Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). The AEDPA standards enumerated in 28 U.S.C. § 2254(d) thus apply to this action.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to

3

that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

With these AEDPA standards in mind, the Court proceeds to address the merits of petitioner's claims.

4

### III. DEPRIVATION OF STREET TIME

Petitioner asserts that he has been unconstitutionally deprived of credit to his state sentence for time he spent on parole. He argues that he was unconstitutionally deprived counsel when he signed his parole certificate and that the deprivation sentence credit for time spent on parole violates the due process and ex post facto clauses of the Constitution, constitutes double jeopardy and a breach of contractual obligation, and forces him to serve his sentence in installments. Other than his argument regarding denial of counsel, his arguments focus on the alleged unconstitutionality of Tex. Gov. Code § 508.283.

Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). "Under federal law, a prisoner does not receive credit towards his calendar time for time spent on parole if the prisoner violates the conditions of his release." *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001). For the most part, Texas law likewise permits "the Board of Pardons and Paroles to disregard the time a prisoner spends" released on parole. *Id.*

When petitioner was released on parole in 1992, Texas law "provided that an inmate serving the remainder of his sentence after the revocation of his conditional release did not receive credit for the time from the date of the person's release to the date of revocation." *See Clark v. Cockrell*, No. 2:01-CV-0377, 2003 WL 21730321, at *3 (N.D. Tex. Apr. 1, 2003) (report and recommendation adopted by District Court) (citing Tex. Gov't Code Ann. § 508.283(b) (previously Tex. Code Crim. Proc. Ann. art. 42.18 § 14(a))). Although "[t]he statutory language remained substantively

5

unchanged from 1965 through September 2001", *Clark*, 2003 WL 21730321, at *3 n.3, *accord Ex parte Spann*, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004) (noting that "[p]rior to 2001, section 508.283 prescribed that *any* parole violator forfeited the benefit of street-time credit"), amendments effective September 2001 made "substantive changes to the statute" so as "to lessen the sentence of non-violent parole violators (versus violent parole violators) whose time spent out on parole exceeded their remaining sentence", *Ex parte Spann*, 132 S.W.3d at 393-94.[1] Because petitioner was convicted of a violent offense, aggravated robbery, the 2001 amendments have not altered whether he may receive credit for time spent on parole.[2] Under either version of the statute, petitioner is not eligible for credit to his sentence for time spent on parole.

Neither Texas nor federal law regarding sentence credit for time spent on parole "raise constitutional concerns." *Clark*, 2003 WL 21730321, at *3. Petitioner simply has no "liberty interest grounded in either a state law or the federal Due Process Clause itself that would require respondent to credit petitioner with the street time he spent on parole", and has thus "failed to state a federal constitutional violation in this ground so as to entitle him to federal habeas relief." *Id.*

Petitioner, moreover, can establish no ex post facto violation from § 508.283 because the change in that statute has not disadvantaged him in any form. *See Lynce v. Mathis*, 519 U.S. 433, 441(1997) ("To fall within the ex post facto prohibition, a law must be retrospective – that is, 'it

---

[1] By amendments effective September 2003, a subsection (d) of § 508.283 which was added by the 2001 amendments was re-lettered to subsection (e). Because petitioner's parole was revoked in December 2003, the 2003 version applies to him.

[2] In his reply brief, petitioner argues that the new version of the statute does not preclude him from receiving credit for time he spent on parole because he is eligible for release to mandatory supervision under the law applicable to him. The Court finds his arguments on this point unavailing. Section 508.283 refers to persons "described by Section 508.149(a)." Section 508.149(a) describes persons who are or have been previously convicted of certain enumerated violent offenses, including aggravated robbery. That petitioner may be eligible for release to mandatory supervision does not eliminate the fact that he has been convicted of aggravated robbery, and thus is not eligible for credit for time spent on parole.

must apply to events occurring before its enactment' – and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime."); *Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997) (noting that, to constitute a violation of the Ex Post Facto Clause, a change in law "must be both retroactive and to a prisoner's detriment"); *Jackson v. Johnson*, No. 3-01-CV-1553-D, 2001 WL 1478789, at *3 (N.D. Tex. Nov. 16, 2001) (adopting recommendation which notes that there is no ex post facto violation for denying credit for street time, because "Texas law has provided, at least since 1988, that a person is not entitled to credit for 'street time' or 'flat time' following revocation of his parole or supervised release").

Petitioner can establish no double jeopardy violation because he has not been prosecuted for the same offense twice and has "not received multiple punishments for the same offense." *See Russell v. Cockrell*, No. 3:01-CV-1425-D, 2003 WL 21750862, at *8 (N. D. Tex. July 25, 2003) (findings and recommendation accepted by District Court). He is simply being required to serve his thirty-year sentence imposed for his aggravated robbery conviction.

Petitioner's contention that he is being required to serve his sentence in installments likewise fails. Although the Fifth Circuit has recognized the "common law rule that a prisoner is entitled to credit for time served when he is incarcerated discontinuously through no fault of his own", *see Free v. Miles*, 333 F.3d 550, 554 (5th Cir. 2003), any interruption in petitioner's sentence was a direct consequence of the violation of the terms of his parole. The parole revocation is directly attributable to petitioner, and thus the rule regarding serving sentences in installments is inapplicable.

With respect to petitioner's arguments that he was denied an attorney when he signed his parole certificate and that the deprivation of his street-time constitutes a breach of contractual obligations, the Court finds that such arguments present no basis for federal habeas relief. Neither

argument alleges a violation of the laws or Constitution of the United States. The alleged breach of contract does not arise under the laws or Constitution of the United States.[3] In addition, "there is no constitutional right to assistance of counsel at the time of the signing of the parole contract." *Williams v. Dretke*, No. 4:05-CV-0102-Y, 2005 WL 820354, at *2 (N.D. Tex. Apr. 8, 2005) (findings and recommendation of magistrate judge), *adopted by* 2005 WL 1018001 (N.D. Tex. Apr. 26, 2005). Petitioner relies on 18 U.S.C. § 3006A to support his right for counsel. That statute, however, has no applicability in the context suggested by petitioner.

For all of these reasons, petitioner is entitled to no federal habeas relief on his claim for sentence credit for time spent on parole. In addition, "[p]etitioner has asserted no claim sufficient to find Texas Gov. Code § 508.283(c) unconstitutional." *Gordon v. Quarterman*, No. 3:05-CV-0115-H, 2006 WL 3420138, at *3 (N.D. Tex. Nov. 27, 2006) (findings and recommendation accepted by District Court).

### IV. DENIAL OF PREVIOUSLY EARNED GOOD CONDUCT CREDITS

In his second claim, petitioner asserts that he is being unconstitutionally deprived of good conduct credits that he earned prior to his release on parole. He argues that the deprivation violates his due process rights.

In order to establish a due process violation, petitioner must show that he has been deprived of a protected right to which he has a "legitimate claim of entitlement." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Because the United States "Constitution does not

---

[3] Additionally, petitioner signed a Certificate of Parole which specifically states: **"BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED."** Thus, rather than constituting a breach of contractual obligations, the denial of credit for time spent on parole appears entirely consistent with the parole agreement.

argument alleges a violation of the laws or Constitution of the United States. The alleged breach of contract does not arise under the laws or Constitution of the United States.[3] In addition, "there is no constitutional right to assistance of counsel at the time of the signing of the parole contract." *Williams v. Dretke*, No. 4:05-CV-0102-Y, 2005 WL 820354, at *2 (N.D. Tex. Apr. 8, 2005) (findings and recommendation of magistrate judge), *adopted by* 2005 WL 1018001 (N.D. Tex. Apr. 26, 2005). Petitioner relies on 18 U.S.C. § 3006A to support his right for counsel. That statute, however, has no applicability in the context suggested by petitioner.

For all of these reasons, petitioner is entitled to no federal habeas relief on his claim for sentence credit for time spent on parole. In addition, "[p]etitioner has asserted no claim sufficient to find Texas Gov. Code § 508.283(c) unconstitutional." *Gordon v. Quarterman*, No. 3:05-CV-0115-H, 2006 WL 3420138, at *3(N.D. Tex. Nov. 27, 2006) (findings and recommendation accepted by District Court).

### IV. DENIAL OF PREVIOUSLY EARNED GOOD CONDUCT CREDITS

In his second claim, petitioner asserts that he is being unconstitutionally deprived of good conduct credits that he earned prior to his release on parole. He argues that the deprivation violates his due process rights.

In order to establish a due process violation, petitioner must show that he has been deprived of a protected right to which he has a "legitimate claim of entitlement." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Because the United States "Constitution does not

---

[3] Additionally, petitioner signed a Certificate of Parole which specifically states: **"BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED."** Thus, rather than constituting a breach of contractual obligations, the denial of credit for time spent on parole appears entirely consistent with the parole agreement.

guarantee good time credit for satisfactory behavior while in prison", *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Hamill v. Wright*, 870 F.2d 1032, 1036 (5th Cir. 1989) (same), any "legitimate claim of entitlement" must come from the state. Under Texas law, however, "good-time credit is not a vested right, but rather is a privilege which may be forfeited . . . by violating the guidelines of a conditional release program." *Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983) (en banc); *accord* Tex. Gov't Code Ann. §§ 498.003, 498.004 (Vernon 2004).[4] When petitioner was convicted and sentenced in 1982, Texas law provided:

> Good conduct time applies only to eligibility for parole or mandatory supervision . . . and shall not otherwise affect the inmate's term. Good conduct time is a privilege and not a right. . . . Upon revocation of parole or mandatory supervision, the inmate loses all good conduct time previously accrued, but upon return to the department may accrue new good conduct time for subsequent time served in the department.

*See Leos v. Cockrell*, No. 3:00-CV-2343-P, 2002 WL 318338, at * 2 (N.D. Tex. Feb. 26, 2002) (findings and recommendation accepted by District Court) (quoting Tex. Civ. Stat. art. 6181-1 § 4 (West Supp. 1979)).[5] At no time has petitioner been entitled to the good conduct credits earned prior to his release to parole and forfeited when his parole was revoked. Petitioner cannot establish

---

[4] Section 498.003 provides: "Good conduct time applies only to eligibility for parole or mandatory supervision . . . and does not otherwise affect an inmate's term. Good conduct time is a privilege and not a right." Section 498.004 provides that after revocation of parole "the inmate forfeits all good conduct time previously accrued. On return to the institutional division the inmate may accrue new good conduct time for subsequent time served in the division. The department may not restore good conduct time forfeited on a revocation."

[5] To the extent he raises an ex post facto violation with respect to his good conduct credits, petitioner has not shown any change in law that has disadvantaged him.

9

that he had a "legitimate claim of entitlement" to his previously earned good time credits after the revocation of his parole.[6]

For all of these reasons, petitioner is entitled to no federal habeas relief on his claim for sentence credit for previously earned good time credits that were forfeited when his parole was revoked.

## V. EVIDENTIARY HEARING

Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED** this 11th day of July, 2007.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] In his reply brief, petitioner attempts to make a distinction between good time credit passively earned through the inmate "classification" system and good time credit actively earned through "diligent participation" in a prison work program. The Court finds the distinction immaterial for resolution of the instant action. Under Texas law, a prisoner forfeits "**all** good conduct time previously accrued" irrespective of how the inmate earned the good time credit. Furthermore, as previously noted, good conduct time relates "only to eligibility for parole or mandatory supervision". Consequently, when petitioner was released to parole he received all the benefits of his previously accrued good conduct credits.

10

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

   The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                    *[signature]*
                     IRMA CARRILLO RAMIREZ
                     UNITED STATES MAGISTRATE JUDGE